**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50142 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-00223-PA-1 |
| v. | |
| ALFONZO DARNELL TOLBERT, AKA Al, AKA Alan Blaylock, AKA Alvin Blaylock, AKA Alvin "Al" Blaylock, AKA Lilal, AKA Alfonso Darnell Tolbert, AKA Alfonzo Tolbert, AKA Alfonzo Daniel Tolbert, AKA Alfonzo Darnel Tolbert, AKA Alonzo Darnell Tolbert, AKA Willywest, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Alfonzo Darnell Tolbert appeals from the district court's judgment and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenges the 15-month sentence imposed on remand for resentencing following the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tolbert contends the district court procedurally erred by failing to calculate the correct Guidelines range and use it as the starting point for the sentence. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the court was aware of the undisputed Guidelines range and used that range as the benchmark from which it varied upward. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Tolbert has failed to show a reasonable probability that he would have received a different sentence had the court expressly calculated the Guidelines range. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Tolbert also contends that the district court impermissibly imposed the sentence in order to promote his rehabilitation. The district court did not plainly err, *see United States v. Grant*, 664 F.3d 276, 279 (9th Cir. 2011), because the record does not suggest that the court imposed or lengthened the sentence to promote rehabilitation. *See Tapia v. United States* 564 U.S. 319, 334 (2011) (district court does not run afoul of 18 U.S.C. § 3582(a) by "discussing the opportunities for rehabilitation within prison").

**AFFIRMED.**